```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS AND ST. JOHN

NATIVE SON, INC.,                        )
                                         )
          Plaintiff,                     )
                                         )
          v.                             )    Civil No. 2012-93
                                         )
OME SALES, LLC; DELTA EQUIPMENT          )
INTERNATIONAL SALES CORP.; OCEAN         )
MARINE ENGINES, LLC; DELTA PERFORMANCE   )
MARINE, LLC; and GREG H. SLAYTON,        )
                                         )
          Defendants.                    )
                                         )
```

**ATTORNEYS:**

**George M. Miller, Esq.**
George Marshall Miller, Esq. & Associates
St. Thomas, VI
  *For the plaintiff,*

**Greg H. Slayton**
Jacksonville, FL
  *Pro se defendant,*

**OME Sales, LLC**
**Delta Equipment International Sales Corp.**
**Ocean Marine Engines, LLC**
**Delta Performance Marine, LLC**
  *Unrepresented entities.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of plaintiff Native Son, Inc. to continue trial in this matter and extend the deadline by which Native Son, Inc. must serve defendants Greg H. Slayton, OME Sales, LLC, Delta Equipment International Sales Corp., Ocean Marine Engines, LLC, and Delta Performance Marine, LLC.

## I.    FACTS AND PROCEDURAL HISTORY

Native Son, Inc. ("Native Son") filed this action for breach of contract, fraud, and restitution on December 6, 2012. That complaint named Greg H. Slayton ("Slayton"), Delta Performance Marine, LLC ("Delta Performance") and Ocean Marine Engines, LLC ("OME") as defendants. Native Son filed proof of service as to OME and filed proof that Slayton was OME's registered agent. The proof of service indicated that OME had been served through personal service on Slayton.

Native Son moved for an extension of time within which to serve Slayton and Delta Performance. The motion for an extension of time was granted by the Magistrate Judge. Native Son filed proof of service as to Slayton and Delta Performance on May 14, 2013. The proof of service for Slayton stated that he had been personally served. Proof of service for Delta Performance showed that Delta Performance's summons was served on Slayton as a "managing member" of Delta Performance. Delta Performance did not answer or appear.

Thereafter, on July 18, 2013, Native Son filed an amended complaint. The amended complaint named Slayton, Delta Performance, and OME as defendants. It also added OME Sales, LLC ("OME Sales") and Delta Equipment International Sales Corp. ("Delta Equipment") as defendants. On August 29, 2013, Native Son filed proof of service as to defendants OME Sales and Delta

Equipment. The proofs of service stated that Slayton was the owner of both OME Sales and Delta Equipment. Both OME Sales and Delta Equipment's summonses were personally delivered to Slayton. OME Sales and Delta Equipment did not answer or appear.[1] The record in this case contains no certificate of service showing service of the amended complaint upon Slayton, Delta Performance, or OME.

Trial in this matter was originally scheduled to begin on April 21, 2014. Before the matter went to trial, on April 17, 2014, this Court entered an order continuing trial until June 30, 2014, as the Court did not believe it was evident on the record that all parties had been served the amended complaint.

Thereafter, on April 22, 2014, Native Son filed the instant motion for a continuance of the June 30, 2014, trial and an extension of time within which to serve the defendants.

## II. DISCUSSION

Federal Rule of Civil Procedure 4(h) governs service of process on a corporation, partnership, or association. It states:

---

[1] On September 18, 2013, at docket entry 34, OME Sales filed something entitled an "amended answer." Examination of the document indicates that it was filed by Slayton. Corporations may only be represented in this Court by attorneys. They may not be represented by non-attorney officers, nor may they be *pro se* litigants. Slayton is not, as far as the Court is aware, an attorney. He cannot file an answer on OME Sales's behalf. As such, it is as though the answer was not filed.

>       Unless federal law provides otherwise or the
>       defendant's waiver has been filed, a domestic or
>       foreign corporation, or a partnership or other
>       unincorporated association that is subject to
>       suit under a common name, must be served: (1) in
>       a judicial district of the United States: (A) in
>       the manner prescribed by Rule 4(e)(1) for
>       serving an individual; or (B) by delivering a
>       copy of the summons and of the complaint to an
>       officer, a managing or general agent, or any
>       other agent authorized by appointment or by law
>       to receive service of process and--if the agent
>       is one authorized by statute and the statute so
>       requires--by also mailing a copy of each to the
>       defendant.

Fed. R. Civ. P. 4(h). Rule 4(e) states that

>       [A]n individual . . . may be served in a
>       judicial district of the United States by:
>
>       (1) following state law for serving a summons in
>       an action brought in courts of general
>       jurisdiction in the state where the district
>       court is located or where service is made; or
>
>       (2) doing any of the following: (A) delivering a
>       copy of the summons and of the complaint to the
>       individual personally;(B) leaving a copy of each
>       at the individual's dwelling or usual place of
>       abode with someone of suitable age and
>       discretion who resides there; or (C) delivering
>       a copy of each to an agent authorized by
>       appointment or by law to receive service of
>       process.

Fed. R. Civ. P. 4(e).

Furthermore, service of a complaint must be made within 120 days of the filing of said complaint. Fed. R. Civ. P. 4(m).

Once a complaint has been timely served upon a defendant, subsequent filings are governed by Federal Rule of Civil Procedure 5. Pursuant to Rule 5, any pleading filed after the

original complaint must be served on every party. Fed. R. Civ. P. 5(a)(1). Furthermore, additional pleadings filed after the original complaint must be filed with the Court together with a certificate of service. Fed. R. Civ. P. 5(d).

### III. ANALYSIS

The burden of proof to show that service is sufficient is on the plaintiff. *See Gottlieb v. Sandia Am. Corp.*, 452 F.2d 510, 513-14 (3d Cir. 1971). In the absence of evidence to the contrary, an executed summons or other proof of service alone may be sufficient to demonstrate proper service on a defendant. *See id.* at 514 n. 5 ("[A]lthough a marshal's return is not conclusive on the question of service on an agent, it will stand in the absence of proof to the contrary.") Evidence to the contrary may include contentions in a defendant's answer. *See id.* at 514 (considering that the defendant's answer denied that the individual served was a managing or general agent of the corporation).

As to the original complaint, it appears that Slayton and OME were properly served. According to the proof of service filed with the Court, Slayton was served in person in compliance with Rule 4(e). With regard to OME, the proof of service filed in this Court states that OME was served by personal service on Slayton, who Native Son identified as the owner of OME. That Slayton is the owner of OME is not in dispute.

The same cannot be said of Delta Performance. Native Son alleges that Slayton is "the principal, if not sole, member and manager" of Delta Performance. The proof for Delta Performance indicates that the summons was personally served on Slayton, who Delta Performance identified as the managing member of Delta Performance. If Slayton's role in Delta Performance was not disputed, that could be enough to show sufficient service. *See Gottlieb*, 452 F.2d at 514 n.5. Here, however, Slayton disputes that he is "the principal, if not sole, member and manager" of Delta Performance in his answer. Because Slayton's role at Delta Performance is controverted, the proof of service alone without more will not be sufficient to prove service under Rule 4.

The original complaint was filed on December 6, 2012. As such, the deadline by which Native Son had to serve the original complaint on Delta Performance passed in March, 2013.

The amended complaint was filed on July 18, 2013. Slayton, OME, Delta Performance, Delta Equipment, and OME Sales were named in the amended complaint as defendants. At that time, only Slayton and OME had been properly served with the original complaint. Delta Performance, Delta Equipment, and OME Sales had not previously been served pursuant to Rule 4.

Because they had previously been served the original complaint, Slayton and OME were to be served in accordance with Federal Rule of Civil Procedure 5. Any pleading filed after the

original complaint must be served on every party. Fed. R. Civ. P. 5(a)(1). Furthermore, additional pleadings filed after the original complaint must be filed with the Court together with a certificate of service. Fed. R. Civ. P. 5(d). No certificate of service was ever filed with this Court. Additionally, there is no other proof of service on Slayton or OME on the record. Although the Local Rules permit service by electronic filing, that rule applies where the opposing party is a "filing user." *See* LRCi 5.4(b)(3)(stating that registration as a "filing user" constitutes consent to electronic service of documents).

Slayton and OME are not "filing users." They have therefore not consented to electronic service. Furthermore, the docket does not show that a hard copy of the amended complaint was sent to Slayton or OME. Native Son, who bears the burden to show service was sufficient, has not informed the Court as to how, when, or even if Slayton or OME were served with the amended complaint. There is no certificate of service, no summons, no affidavit of service, and no notice filed with the Court that service had been made. Thus, there is no indication that the amended complaint was ever served on Slayton or OME as required under Rule 5.

Rule 5 only applies after a party has been served a pleading pursuant to Rule 4. As discussed above, Delta Performance, OME Sales, and Delta Equipment had not been served

pursuant to Rule 4 prior to the filing of the amended complaint. Thus, for service of the amended complaint on Delta Performance, Delta Equipment, and OME Sales to be sufficient, it had to meet the requirements of Rule 4.

Native Son served Slayton with summonses for OME Sales and Delta Equipment. The proofs of service for OME Sales and Delta Equipment state that Slayton is the owner of both companies, respectively. With nothing on the record to rebut those claims, the proofs of service are sufficient. *See Gottlieb*, 452 F.2d at 514 n.5.

However, it does not appear that Native Son even attempted to serve Delta Performance with the amended complaint, in conformity with Rule 4, within the 120 day period. No summons was issued by this Court, no summons was returned executed, no proof of service was filed. Native Son bore the burden of showing service was made as to Delta Performance. It has failed to do so.

Federal Rule of Civil Procedure 4 in pertinent part provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

It has been at least 120 days since the Amended Complaint was filed. As such, Rule 4 dictates that the Court dismiss this action without prejudice or order service be made within a specified time.

The premises considered, it is hereby

**ORDERED** that Native Son's motion for an extension of time to serve and to continue the trial in this matter is **GRANTED**; it is further

**ORDERED** that Native Son shall serve all defendants it wishes to be party to this action no later than July 25, 2014; it is further

**ORDERED** that Native Son shall file all necessary proof of service no later than July 28, 2014; and it is further

**ORDERED** that the trial in this matter is **CONTINUED** and shall begin promptly at 9:00 AM on October 20, 2014.

S\_____
    **CURTIS V. GÓMEZ**
    **District Judge**